**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

**TIFFANY JAMES**                                    CIVIL ACTION

**VERSUS**                                           NO. 25-2107

**WAL-MART LOUISIANA, LLC, ET AL.**                  SECTION "O"

## ORDER AND REASONS

Before the Court in this tort case removed based on diversity jurisdiction is the motion[1] of Plaintiff Tiffany James to remand for lack of complete diversity. James alleges that she fell while shopping at a Walmart store in LaPlace, Louisiana. She sued in Louisiana state court, naming Wal-Mart Louisiana, LLC, a Delaware and Arkansas citizen, and Paul Milner, a Walmart employee and Louisiana citizen, as defendants. Walmart and Milner removed the case and urged the Court to disregard Milner's Louisiana citizenship because James improperly joined him. James now moves to remand, contending that the removal was untimely and that complete diversity is lacking because Milner is properly joined. Both contentions fail. The removal was timely, James fails to state a claim against Milner under a "Rule 12(b)(6)-type analysis," *Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Grp. Ltd.*, 818 F.3d 193, 209 (5th Cir. 2016), and the uncontroverted summary-inquiry evidence establishes that Milner did not work on and was not present on the date of the accident. Because Milner is improperly joined, the Court disregards his Louisiana citizenship. James and Walmart are completely diverse, and the amount in

---

[1] ECF No. 11-1.

controversy is met, so the Court has diversity jurisdiction. Accordingly, for these reasons and those that follow, the motion is **DENIED**.

## I.    BACKGROUND

This tort case arises from injuries James says she suffered while shopping at a Walmart store located at 1616 W. Airline Highway in LaPlace, Louisiana.[2] James alleges that, on June 1, 2024, she was an invited guest at the store when she fell and was injured "due to a hazardous and dangerous condition."[3] As to Milner, James alleges that he "had actual and constructive knowledge of the dangerous condition yet failed to remedy the hazard, and he left the area without providing a warning to plaintiff," and that the "incident was solely the result of negligence" on his part.[4] James further alleges that Milner "was in the course and scope of his duties and/or work" for Walmart at the time of the accident, and that Walmart is vicariously liable for Milner's alleged negligence as his employer.[5]

James is a Louisiana citizen and resides in Jefferson Parish.[6] Wal-Mart Louisiana, LLC is a citizen of Delaware and Arkansas.[7] Milner is a Louisiana citizen.[8]

---

[2] ECF No. 1-1 ¶¶ 1(a), 5.

[3] *Id.* ¶ 5.

[4] *Id.*

[5] *Id.* ¶¶ 1(b), 6–7.

[6] *Id.* at 1. An individual is a citizen of the State of his domicile. *See Preston v. Tenet Healthsystem Mem'l Med. Ctr., Inc.*, 485 F.3d 793, 797–98 (5th Cir. 2007).

[7] Because Wal-Mart Louisiana, LLC is a limited liability company, its citizenship is determined by the citizenship of its members. *See Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008). Its sole member is Wal-Mart Stores East, LP, whose partners' citizenship traces through WSE Management, LLC and WSE Investment, LLC to Wal-Mart Stores East, LLC and, ultimately, to Walmart Inc., which is incorporated in Delaware and has its principal place of business in Arkansas. Wal-Mart Louisiana, LLC is therefore a citizen of Delaware and Arkansas. ECF No. 3 at 2.

[8] ECF No. 1 ¶ 10; ECF No. 1-1 ¶ 1(b).

Because the motion to remand turns on whether the nondiverse defendant, Milner, is improperly joined, the Court focuses on the allegations against him.

James filed her Petition for Damages in the 40th Judicial District Court for the Parish of St. John the Baptist on May 30, 2025.[9] Walmart and Milner were served on June 11, 2025, and June 2, 2025, respectively.[10] The Petition did not allege a specific amount of damages.[11] On October 1, 2025, James served discovery responses in which she stated that she "does believe the total value will exceed $75,000.00."[12] On October 8, 2025, Walmart and Milner removed the case to this Court based on diversity jurisdiction, urging the Court to disregard Milner's Louisiana citizenship on the ground that he was improperly joined.[13] In support, they submitted affidavits of Milner and Lagretta Smith, the store's Store Lead, each attesting that Milner did not work and was not present on the date of the accident.[14]

James now moves to remand.[15] Walmart and Milner oppose.[16] James did not file a reply.

## II.    ANALYSIS

Walmart and Milner may remove a case from state court to this Court if this Court would have original jurisdiction. *See* 28 U.S.C. § 1441(a). As the removing parties, they "bear[] the burden of showing that federal jurisdiction exists and that

---

[9] ECF No. 1-1 at 1; ECF No. 1-14 ¶ 2.
[10] ECF No. 1-14 ¶¶ 5–6.
[11] *See* ECF No. 1-1 ¶ 8.
[12] ECF No. 1-2; ECF No. 1-5 at 10 (Resp. to Interrog. No. 22).
[13] ECF No. 1 ¶¶ 4–17.
[14] ECF No. 1-3 ¶¶ 4–7 (Milner Aff.); ECF No. 1-4 ¶¶ 4–5 (Smith Aff.).
[15] ECF No. 11.
[16] ECF No. 12.

removal was proper." *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002) (citations omitted). "The removal statute is strictly construed, with doubts 'resolved in favor of remand.'" *Pace v. Cirrus Design Corp.*, 93 F.4th 879, 888–89 (5th Cir. 2024) (quoting *Gutierrez v. Flores*, 543 F.3d 248, 251 (5th Cir. 2008)); *see also Hain Celestial Grp., Inc. v. Palmquist*, 607 U.S. 421, 424 (2026) ("Federal courts are courts of limited jurisdiction and generally can resolve only the cases that Congress grants them power to hear.").

The asserted basis for original jurisdiction is diversity jurisdiction. *See* 28 U.S.C. § 1332(a)(1). The Court has diversity jurisdiction over "all civil actions" that are between "citizens of different States" and "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs[.]" *Id.*[17] Because this case was removed based solely on diversity jurisdiction, the removal is also subject to 28 U.S.C. § 1441(b)(2), "otherwise known as the 'forum-defendant rule.'" *In re Levy*, 52 F.4th 244, 246 (5th Cir. 2022). Under that rule, a case "otherwise removable solely on the basis" of diversity jurisdiction "may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2). Accordingly, to support removal and to avoid remand here, the removing parties must show that "there is complete diversity between all named parties, 'and no defendant is a citizen of the forum State,'" Louisiana. *Pace*, 93 F.4th at 889 (quoting *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 84 (2005)).

---

[17] James admitted in discovery that the total value of her claims exceeds $75,000, and she does not contest the amount in controversy. ECF No. 1-5 at 10 (Resp. to Interrog. No. 22); ECF No. 12 at 3.

4

Both the complete-diversity requirement and the forum-defendant rule turn on the same question: whether the nondiverse, forum-citizen defendant, Milner, is improperly joined. If he is, the Court can "disregard" his Louisiana citizenship in its jurisdictional analysis. *See Williams v. Homeland Ins. Co. of N.Y.*, 18 F.4th 806, 812 (5th Cir. 2021) (citing *Flagg v. Stryker Corp.*, 819 F.3d 132, 136 (5th Cir. 2016) (en banc)). The Court addresses improper joinder first, then turns to timeliness.

### A. Milner Is Improperly Joined.

There are "two ways to establish improper joinder: '(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court.'" *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004) (en banc) (quoting *Travis v. Irby*, 326 F.3d 644, 646–47 (5th Cir. 2003)).[18] Only the second way is at issue here.

Under the second way, the Court asks whether James "had any possibility of recovery" against Milner in Louisiana state court. *Williams*, 18 F.4th at 812 (citing *Flagg*, 819 F.3d at 136). That no-possibility-of-recovery analysis "is virtually identical to the inquiry on a motion to dismiss for failure to state a claim: 'Ordinarily, if a plaintiff can survive a Rule 12(b)(6) challenge, there is no improper joinder.'" *Id.* (quoting *Flagg*, 819 F.3d at 136). Conversely, if a plaintiff "has not stated a claim for relief against" the nondiverse defendant under Rule 12(b)(6), "then [that defendant] was] improperly joined[,] and [the Court] may disregard [his] citizenship." *Allen v.*

---

[18] The Fifth Circuit has "occasionally referred to improper joinder as 'fraudulent joinder.'" *Williams*, 18 F.4th at 812 (quoting *Smallwood*, 385 F.3d at 571 n.1). "Although there is no substantive difference between the two terms, 'improper joinder' is preferred" because it is "more consistent with the statutory language." *Smallwood*, 385 F.3d at 571 n.1.

*Walmart Stores, L.L.C.*, 907 F.3d 170, 183 (5th Cir. 2018) (citation omitted). "When analyzing whether the proponent of jurisdiction has established improper joinder," the Court "examine[s] all factual allegations and ambiguities of state law in the light most favorable to the party resisting jurisdiction." *Williams*, 18 F.4th at 811 (citing *Campbell v. Stone Ins., Inc.*, 509 F.3d 665, 669 (5th Cir. 2007)). "[T]he motive or purpose of the joinder of in-state defendants is not relevant" to the Court's analysis. *Smallwood*, 385 F.3d at 574.

The Court evaluates the removed state-court petition under the federal pleading standard. *See Int'l Energy Ventures Mgmt.*, 818 F.3d at 207–08. That means the petition "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "Although '[the Court] accept[s] all well-pled facts as true, construing all reasonable inferences in the [petition] in the light most favorable to [James], conclusory allegations, unwarranted factual inferences, or legal conclusions are not accepted as true.'" *Hodge v. Engleman*, 90 F.4th 840, 843 (5th Cir. 2024) (quoting *Allen v. Hays*, 65 F.4th 736, 743 (5th Cir. 2023)).

6

James fails to state Louisiana-law[19] negligence claims against Milner under a "Rule 12(b)(6)-type analysis." *Int'l Energy Ventures Mgmt.,* 818 F.3d at 209. The Court evaluates her negligence claim under *Canter v. Koehring Co.*, which supplies the framework for assessing the tort liability of an employee for an injury to a third party arising from the employee's breach of an employment-related duty. *See* 283 So. 2d 716, 721 (La. 1973), *superseded on other grounds by statute*, LA. STAT. ANN. § 23:1032 (1998). Under *Canter*, an employee can be personally liable to a third person when these "four elements" are met:

- First, the employer must owe a duty of care to the plaintiff, the breach of which caused the injury at issue.
- Second, the employer must have delegated that duty to the employee at issue.
- Third, the employee at issue must have breached the duty through his own personal fault.
- And fourth, the employee's breach must have been more than a simple breach of a 'general administrative responsibility,' but must instead stem from the breach of a duty the employee owed the plaintiff personally that was not properly delegated to another employee.

*Rolls ex rel. A.R. v. Packaging Corp. of Am.*, 34 F.4th 431, 437–38 (5th Cir. 2022) (brackets omitted) (quoting *Canter*, 283 So. 2d at 721).

James fails to state a *Canter* claim against Milner because she does not plead specific facts—rather than mere legal conclusions—sufficient to satisfy *Canter*'s third and fourth elements. A plaintiff "fails to meet *Canter*'s high bar" if she "does little more than parse employee job descriptions to lay a veneer of specificity over what are,

---

[19] The parties agree that Louisiana substantive law governs the question whether James has stated a negligence claim. *Compare* ECF No. 11-1 at 5–9 (James analyzing her claim under Louisiana law) *with* ECF No. 12 at 4–9 (Walmart and Milner doing the same).

in essence, generalized claims that the employee-defendant failed to prevent the accident." *Id.* at 438 (quotation omitted). James's sole allegation of Milner's personal involvement is that he "had actual and constructive knowledge of the dangerous condition yet failed to remedy the hazard, and he left the area without providing a warning."[20] That is a conclusory assertion of knowledge unsupported by any well-pleaded facts. The Petition does not allege how or when Milner came to know of the condition, or plead any other fact tying Milner personally to the hazard. "[C]onclusory allegations that an employee-defendant had actual knowledge of a dangerous condition, without any supporting facts, are insufficient to state a *Canter* claim." *Bickham v. DG Louisiana, LLC*, No. CV 24-2304, 2025 WL 1707209, at *5 (E.D. La. June 17, 2025) (citing *Miciotto v. Hobby Lobby Stores, Inc.*, No. 21-30456, 2022 WL 3210686, at *3 (5th Cir. Aug. 9, 2022) (per curiam)); *see also Lundy v. ACE Am. Ins. Co.*, 674 F. Supp. 3d 326, 335 (M.D. La. 2023) (applying *Canter* and holding that "general conclusory allegations" that a nondiverse store-manager defendant "had actual knowledge of the condition without any supporting facts fails to survive a Rule 12(b)(6)-type analysis"); *Giles v. Wal-Mart La., LLC*, No. 16-CV-2413, 2016 WL 2825778, at *4 (E.D. La. May 13, 2016) (Barbier, J.) (disregarding conclusory allegation that nondiverse store-manager-defendant "had actual or constructive knowledge of the allegedly dangerous condition" and finding no possibility of recovery against that defendant under *Canter* (quotation omitted)).

---

[20] ECF No. 1-1 ¶ 5.

James's remaining allegation—that Milner acted "in the course and scope of his duties and/or work" for Walmart—fares no better.[21] That allegation goes to the employer's vicarious liability and does not plausibly establish that Milner breached any *personal* duty owed to James, that is, any duty not arising from a "general administrative responsibility for performance of some function of . . . employment" for which Walmart would be "technical[ly] or vicarious[ly]" liable. *Canter*, 283 So. 2d at 721. Because James pleads no non-conclusory facts satisfying *Canter*'s third and fourth elements, her negligence claim against Milner "do[es] not survive a Rule 12(b)(6)-type analysis." *Int'l Energy Ventures Mgmt.*, 818 F.3d at 208. Milner is therefore improperly joined on the pleadings alone.

Milner is improperly joined for a second, independent reason. Because James's Petition alleges that Milner personally knew of the hazard and left the area, Walmart and Milner support removal with evidence outside the pleadings. Where, as here, a plaintiff "has misstated or omitted discrete facts that would determine the propriety of joinder," the Court may, in its discretion, "pierce the pleadings and conduct a summary inquiry." *Smallwood*, 385 F.3d at 573 (citing *Badon v. R J R Nabisco Inc.*, 224 F.3d 382, 390 n.10 (5th Cir. 2000)). The Court's discretion to conduct such an inquiry must be "on a tight judicial tether, sharply tailored to the question at hand, and only after a showing of its necessity." *Id.* at 574. This inquiry "is appropriate only to identify the presence of discrete and undisputed facts that would preclude plaintiff's recovery against the in-state defendant." *Id.* at 573–74.

---

[21] *Id.* ¶¶ 1(b), 6–7.

9

The summary-inquiry evidence establishes a discrete fact of that kind.[22] Milner did not work and was not present on the date of the accident. Milner attests that "[o]n June 1, 2024, I was not on the premises of Walmart Store #961 . . . as I did not work on that date," and that he had no knowledge of the accident or of the allegedly hazardous condition.[23] Lagretta Smith, the store's Store Lead, attests that she is "familiar with Paul Milner's schedule" and that "[o]n June 1, 2024, Paul Milner was not scheduled to work . . . and did not enter any time for working the day of the alleged accident."[24] On materially identical facts, courts in this Circuit have held that an off-duty, nonmanagerial store employee is improperly joined, because the only remaining allegations concern general supervisory duties barred by *Canter*. *See West v. Home Depot U.S.A., Inc.*, No. 21-1403, 2021 WL 4622213, at *3 (E.D. La. Oct. 7, 2021); *Black v. Lowe's Home Ctrs., Inc.*, No. 10-478, 2010 WL 4790906, at *3 (M.D. La. Oct. 22, 2010).

James offers nothing to controvert this evidence. She did not file a reply, and the only contrary material in the record is her own discovery response, which Defendants attached to their Notice of Removal, in which James states that "an unknown Walmart employee remark[ed] that 'Paul' had walked away without securing the area" and that, "upon information and belief," that employee was

---

[22] The Fifth Circuit's examples of discrete facts that preclude recovery include a showing that "the in-state doctor defendant did not treat the plaintiff," that "the in-state pharmacist defendant did not fill a prescription for the plaintiff patient," or that "a party's residence was not as alleged[.]" *Davidson v. Georgia-Pac., L.L.C.*, 819 F.3d 758, 766 (5th Cir. 2016) (quoting *Smallwood*, 385 F.3d at 573–74 & n.12).

[23] ECF No. 1-3 ¶¶ 5–7.

[24] ECF No. 1-4 ¶¶ 4–5.

Milner.[25] An information-and-belief identification of an unknown employee is not sufficient to plausibly claim that Milner worked or was present on June 1, 2024. *See West*, 2021 WL 4622213, at \*3; *Black*, 2010 WL 4790906, at \*3. Because the uncontroverted evidence establishes that Milner was not present, there is no possibility that James can recover against him for personally knowing of, causing, or failing to remedy or warn of the condition. Stripped of that theory, only general premises-maintenance allegations remain, and those "cannot support individual liability" under *Canter. See West*, 2021 WL 4622213, at \*3. Milner is improperly joined on this independent ground as well.

*     *     *

Because James fails to state a claim against Milner under a "Rule 12(b)(6)-type analysis," and because the uncontroverted summary-inquiry evidence independently establishes that James has no possibility of recovery against him, Milner was "not properly joined," and the Court ignores his Louisiana citizenship in its jurisdictional analysis. *Int'l Energy Ventures Mgmt.*, 818 F.3d at 208. Ignoring Milner's citizenship, the requirement of complete diversity is met and Section 1441(b)(2)'s forum-defendant rule poses no impediment to removal. James is a Louisiana citizen, and the only remaining defendant—Walmart—is a citizen of Delaware and Arkansas. Because the properly joined parties are completely diverse, and because the amount in controversy exceeds $75,000, the Court has diversity jurisdiction under 28 U.S.C. § 1332(a)(1).

---

[25] ECF No. 1-5 at 3, 10 (Resp. to Interrog. Nos. 6, 29).

11

**B. Walmart and Milner Timely Filed Their Notice of Removal.**

James separately contends that the removal was untimely because Walmart and Milner removed the case on October 8, 2025, after they had answered and filed a peremptory exception in state court in July 2025.[26] This Court disagrees.

Section 1446(b) governs the timeliness of removal. If the case stated by the initial pleading is removable, the defendant must file a notice of removal within thirty days of the defendant's receipt of that pleading. 28 U.S.C. § 1446(b)(1). But this applies "only when that pleading affirmatively reveals on its face that the plaintiff is seeking damages in excess of the minimum jurisdictional amount of the federal court." *Chapman v. Powermatic, Inc.*, 969 F.2d 160, 163 (5th Cir. 1992). And where the "case stated by the initial pleading is not removable," a notice of removal may be filed within thirty days after the defendant's receipt of "an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3).

James's Petition did not allege a specific monetary amount of her damages, nor did it contain "a general allegation that the claim exceeds or is less than the requisite amount" for purposes of diversity jurisdiction.[27] *See* LA. CODE CIV. P. art. 893(A)(1). The case stated by the initial pleading was therefore not removable, and the thirty-day clock did not begin to run upon service of the Petition. *See Chapman*, 969 F.2d at 163. The removability of the case first became ascertainable when James served her discovery responses on October 1, 2025, stating that the value of her claims exceeds

---

[26] ECF No. 11-1 at 3.
[27] ECF No. 1-1 ¶ 8.

12

$75,000.[28] Those responses are an "other paper" under § 1446(b)(3), and Walmart and Milner timely filed their notice of removal on October 8, 2025. *Cf. S.W.S. Erectors, Inc. v. Infax, Inc.*, 72 F.3d 489, 494 (5th Cir. 1996) (holding "newly acquired facts" from a "deposition transcript" constitute "other paper" for purposes of § 1446(b)(3)).

## III.   CONCLUSION

Accordingly,

**IT IS ORDERED** that the motion[29] to remand is **DENIED**.

**IT IS FURTHER ORDERED** that James's claims against Milner are **DISMISSED WITHOUT PREJUDICE**.

New Orleans, Louisiana, this 22nd day of July, 2026.

BRANDON S. LONG
UNITED STATES DISTRICT JUDGE

---

[28] ECF No. 1-5 at 10 (Resp. to Interrog. No. 22); ECF No. 1-2.
[29] ECF No. 11.